**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-14028-CR-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JERRY SIMMONS,**

    **Defendant.**
_____/

**<u>REPORT AND RECOMMENDATION ON CHANGE OF PLEA</u>**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing on August 31, 2020, I recommend to the District Court as follows:

1.  I convened a hearing via video teleconference on the Zoom platform to permit the Defendant to change his plea in this criminal case. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Defendant acknowledged his signature on a written Consent to Appear by Video Teleconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2. Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. I reviewed with the Defendant the possible maximum sentence and minimum mandatory sentence as set forth in the Plea Agreement. The Defendant acknowledged that he understood the charge against him and the penalties that could be imposed in this case.

5. The Defendant pleaded guilty to Count Two of the Indictment, which charges him with Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). The United States agreed to dismiss Count 1 after sentencing.

6. The Plea Agreement contains an agreement by the parties to jointly recommend a sentence of ten (10) years' imprisonment. The Defendant further agrees in the Plea Agreement not to seek a downward variance or departure from the recommended ten (10) year sentence. I explained to the Defendant that, although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

7. The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that he has read the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal. As a result, I recommend to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. The Factual Proffer was read into the record and will be filed in this case. The Defendant acknowledged that he understands the Factual Proffer and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that it accurately sets forth the facts in his case as he understands them to be. I find that the Factual Proffer sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of the offense charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to Count Two of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida.  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>1st</u> day of September, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE